BOWES, Judge,
dissenting.
I would reverse the trial court and remand the case for trial on the merits. It is my opinion that plaintiff stated a cause of action in both his allegation of the defend *909 ants’ tortious interference with plaintiff’s business, and also in his action for wrongful and excessive seizure. I believe this Court erroneously considered evidence of the exception that was improperly presented at the trial. Our conclusion, that WRNO was protected by the Communications Act of 1934 and the First Amendment, is an affirmative defense which defendant must raise in answer, and must be decided after trial on the merits. Further, whether or not plaintiff first proceeded under C.C.P. Article 2296, to obtain release of the excess items, before filing the present action, is also an evidentiary finding addressable only at trial on the merits. The issue is simply whether the face of the petition presents a case which legally entitles the mover to the redress sought. If a petition states a cause of action on any ground or any portion of demand, the exception of no cause of action must be overruled. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975).
Inasmuch as plaintiff has stated a cause of action on both demands, on the face of both the original and supplemental petitions, this Court should remand the case for further proceedings.
Accordingly, for the foregoing reasons, I respectfully dissent.